UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____-Civ-

DELL INC.; AND
ALIENWARE CORPORATION,

    Plaintiffs,

vs.

BELGIUMDOMAINS, LLC;
CAPITOLDOMAINS, LLC;
DOMAINDOORMAN, LLC;
NETRIAN VENTURES LTD.;
IHOLDINGS.COM, INC.;
JUAN PABLO VAZQUEZ a/k/a JP VAZQUEZ, an individual;
and DOES 1-10,

    Defendants.

07-22674

CIV-LENARD

1 TORRES

FILED by ___ D.C.
INTAKE
OCT 10 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

### DECLARATION OF DAVID J. STEELE

### FILED UNDER SEAL

This Declaration is filed under seal and without notice to Defendants because Plaintiffs have filed, concurrent with this Declaration, an *ex parte* motion for a temporary restraining order and a preliminary injunction, and an *ex parte* motion for a seizure order, accelerated discovery, and for an order temporarily sealing the file for this litigation. These steps are necessary because Defendants are highly likely to destroy evidence and/or move their evidence out of the country if they receive notice of the filing of this Declaration or of the concurrently filed motions.

I, David J. Steele, declare as follows:

1. I am an attorney with the law firm of Christie, Parker & Hale, LLP, counsel of record for Plaintiffs Dell, Inc. and Alienware Corporation (collectively "Plaintiffs"). The matters set forth below are of my personal knowledge and, if called as a witness, I would testify competently to each of the following facts.

2. In April 2007, I began an ongoing investigation into the activities of the Defendants in this case. I monitored the domain names registered, used, and deleted by

Defendants. I collected whois ownership records for many of the domain names registered, used, and deleted by Defendants, and identified some of the numerous entities involved in Defendants' activities. I researched corporate information for BelgiumDomains, LLC ("BelgiumDomains"), CapitolDomains, LLC ("CapitolDomains"), and DomainDoorman, LLC ("DomainDoorman") from the Florida Department of State's Office, which revealed that BelgiumDomains, CapitolDomains, and DomainDoorman each have a principal place of business at 501 NE 1st Ave., Suite 201, Miami, Florida 33132. Printouts from the online database of the Florida Department of State's Office are attached to this Declaration as Exhibit A. I researched Netrian Ventures Ltd. ("Netrian"), and identified that this entity is a licensed British Virgin Island company that lists its business address at 501 NE 1st Ave., Suite 201, Miami, Florida 33132, the same address used by BelgiumDomains, CapitolDomains, and DomainDoorman. Defendant iHoldings.com, Inc. ("iHoldings"), which had a principal place of business at 501 NE 1st Ave., Suite 201, Miami, Florida 33132, filed Articles of Voluntary Dissolution with the Florida Department of State's Office on July 13, 2007. A printout of the dissolution papers is also attached to this Declaration as part of Exhibit A.

3. During my investigation, I identified over 1,100 domain names registered by Defendants that contain Plaintiffs' trade names and trademarks ("Plaintiffs' Marks) or variations thereof. A list of these domain names is attached to this Declaration as Exhibit B. Printouts of the whois ownership records for many of these domain names are attached to this Declaration as Exhibit C. Because these printouts are so voluminous, Exhibit C in its entirety has been filed in the form of a CD, and only representative pages of Exhibit C are attached in hard copy form to this Declaration.

4. Many of the over 1,100 domain names listed in Exhibit B either contain Plaintiffs' Marks or differ from Plaintiffs' Mark by only one or two characters.

5. During my investigation, I identified tens of thousands of domain names registered by Defendants that contain the famous marks of others or variations thereof. Because of the large number of these domain names, I prepared a list with a representative sample of these domain names, including only one famous mark for each letter of the alphabet (i.e., AMERICAN EXPRESS, BANK OF AMERICA, CINGULAR WIRELESS, DIRECT TV, etc.). This list includes over 18,000 domain names and is attached to this Declaration as Exhibit D. Because this list is so voluminous, Exhibit D in its entirety has been filed in the form of a CD, and only representative pages of Exhibit D are attached in hard copy form to this Declaration.

Selected whois ownership records for one domain name for each famous mark are attached to this Declaration as Exhibit E. Defendants register and use these domain names to attract Internet users searching for genuine websites associated with the famous trademarks, and to divert that traffic from the trademark owners to Defendants for their financial gain.

6. During my investigation, I learned that Defendants use an automated process to register, use and delete hundreds of thousands of domain names every day. As of the date of this Declaration, Defendants have registered over 64 million unique domain names. Defendants identify available domain names they believe will be profitable because of anticipated Internet traffic resulting from "typosquatting"—domain names containing typographical variations of others' marks—and the consumer confusion it causes. Defendants also register and use domain names that combine others' marks (or variations thereof) with generic or descriptive terms.

7. From my review of several publicly available databases, including the online database of the Florida Department of State's Office, I identified that BelgiumDomains, CapitolDomains, DomainDoorman, and Netrian share the same office space in Miami. My research also indicates that Defendant JP Vazquez directs and/or directed the day-to-day operations of BelgiumDomains, CapitolDomains, DomainDoorman, and iHoldings, as well as Defendants' use of Defendants' shell entities, fictitious businesses, and personal names, from his home at 11605 SW 99 Court, Miami, Florida 33126. From my review of several publicly available databases, including the online database of the Florida Department of State's Office, I identified that Defendants BelgiumDomains, CapitolDomains, and DomainDoorman share the same Corporate Manager, Netrian, and that iHoldings was formerly the Corporate Manager for BelgiumDomains, CapitolDomains, and DomainDoorman. My review of numerous whois ownership records for domain names registered by Defendants indicates that each of the shell entities listed as a domain name registrant uses BelgiumDomains, CapitolDomains, and/or DomainDoorman as the registrar for each registration.

8. During my investigation, I reviewed numerous whois ownership records for domain names registered by Defendants that indicate Defendants currently use at least the following shell entities:

    a. Caribbean Online International Ltd., Kings Court, Bay Street, P.O. Box N-3944, Nassau, Bahamas.

    b. Domain Drop S.A., P.O. Box 556, Main Street, Charlestown, West

       Indies, Saint Kitts and Nevis.

  c. Keyword Marketing, Inc., P.O. Box 556, Main Street, Charlestown, West Indies, Saint Kitts and Nevis.

  d. Maison Tropicale S.A., P.O. Box 58, The Valley, British West Indies, Anguilla.

  e. Marketing Total S.A., P.O. Box 556, Main Street, Charlestown, West Indies, Saint Kitts and Nevis.

  f. Click Cons. Ltd, Kings Court, Bay Street, P.O. Box N-3944, Nassau, Bahamas.

  g. Web Advertising, Corp., Kings Court, Bay Street, P.O. Box N-3944, Nassau, Bahamas.

  h. Wan-Fu China, Ltd., P.O. Box CB-11901, Nassau, Bahamas.

  i. Domibot, Avenida Caroni 5478, Colinas Monte, Caracas, Venezuela.

  j. Highlands a/k/a Highlands International Investment Ltd. a/k/a Highland International Investment, 1680 NW 82nd Avenue, Miami, Florida 33126.

9. My research indicates that Defendants use, or formerly used, at least the following shell entities, fictitious businesses and personal names:

  a. Alvaro Collazo, Manuel Oribe 2028, Tarariras, Colonia 70000, R.O.U.

  b. Unasi Management Inc., or simply "Unasi" or "Unaci," Galerias Alvear, Via Argentina 2, Oficina #3, Zona 5, Panama 5235.

  c. Domaincar, Galerias 3, Zona 5, Panama 5235.

  d. Unasi Management Inc., or simply "Unasi" or "Unaci," Penthouse, Textron Building, 168 Luna, Mencias St., San Juan, Philippines.

  e. J. Lee, 18 Salisbury Road, Kowloon, Hong Kong.

  f. Wang Lee Domains Ltd, Suite 410, 4th Floor, Barkley Wharf, Le Caudan Waterfront, Port Louis Mauritius.

    g. International Names Ltd., Kings Court, Bay Street, P.O. Box N-3944, Nassau, Bahamas.

    h. Pertshire Marketing, Ltd, Trident Chambers, Wickhams Cay 1, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

    i. DomainCollection.com, 1680 NW 82nd Avenue, Miami, Florida 33126.

    j. Juan Carlos Linardi, Rivadavia 6127 4 "r," Buenos Aires, 1414, Argentina.

    k. Cambridge a/k/a Cambridge Capital Ltd. a/k/a Cambridge Capital Investment Ltd., 1680 NW 82nd Avenue, Miami, Florida 33126.

    l. Cambridge a/k/a Cambridge Capital Ltd. a/k/a Cambridge Capital Investment Ltd., King Court Bldg at Bay St., Postal Box N3944, Nassau, Bahamas.

    m. Cambridge a/k/a Cambridge Capital Ltd. a/k/a Cambridge Capital Investment Ltd., The Bahamas Financial Center, Shirley and Charlotte Streets, Nassau, Island of New Providence, Bahamas.

    n. Coventry Investments Ltd., 1680 NW 82nd Avenue, Miami, Florida 33126.

Each of the shell entities, fictitious businesses, and personal names is an alias for each of the other shell entities, fictitious businesses, and personal names and each of the Defendants. The Defendant Registrars and the shell entities are thus one and the same, i.e., the domain name registrant.

    10. In August 2007, I studied the report titled *Strider Typo-Patrol: Discovery and Analysis of Large-Scale, Systematic Typo-Sqatters* published by a team of researchers at Microsoft Corporation, and available at <http://research.microsoft.com/typo-patrol/research.htm>. A printout of the report is attached to this Declaration as Exhibit F.

    11. During my investigation, I learned that Defendants delete many of the domain names they register within 5 days of registration. I learned that registrars receive a refund of any registration fees if they delete a domain name within 5 days of registration. Only registrars accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN") are able to delete domain names, and the ability to delete domain names is not generally available to

consumers. During my investigation, I learned that Defendants DomainDoorman, CapitolDomains, and BelgiumDomains are accredited ICANN registrars.

The practice of registering and deleting domain names within 5 days that do not generate sufficient traffic to turn a profit in order to avoid paying for the registration is commonly referred to as "tasting."

WHOIS data provides, among other information, the full name of the registrant of the domain name and the registrant's contact information. Paragraph 3.3.1 of the Registrar Accreditation Agreement between ICANN and all its accredited registrars (including Defendants BelgiumDomains, DomainDoorman, CapitolDomains, and iHoldings), requires registrars provide "... an interactive web page and a port 43 WHOIS service providing free public query-based access to up-to-date (i.e., updated at least daily) data concerning all active Registered Names sponsored by Registrar for each TLD in which it is accredited." The Registrar Accreditation Agreement is available at http://www.icann.org.

12.   During my investigation, I learned that Defendants repeatedly and systematically "moves" domain names between DomainDoorman, CapitolDomains, and BelgiumDomains by registering and then deleting the domain names within 5 days. For example, as detailed in Exhibit G to this Declaration, one domain name, dellfinacncialservices.com, was:

registered 25-may-2007 by DomainDoorman; deleted 30-may-2007;

registered 30-may-2007 by BelgiumDomains; deleted 04-jun-2007;

registered 04-jun-2007 by CapitolDomains; deleted 09-jun-2007;

registered 09-jun-2007 by DomainDoorman; deleted 14-jun-2007; and

registered 14-jun-2007 by BelgiumDomains.

Another example, also detailed in Exhibit G, is the domain name, delllptop.com, was:

registered 25-may-2007 by DomainDoorman; deleted 30-may-2007;

registered 30-may-2007 by BelgiumDomains; deleted 04-jun-2007;

registered 04-jun-2007 by CapitolDomains; deleted 09-jun-2007;

registered 09-jun-2007 by DomainDoorman; deleted 14-jun-2007; and

registered 14-jun-2007 by BelgiumDomains.

This practice of repeatedly registering and then deleting a domain name within 5 days to avoid paying for the registration is known in the industry as "kiting" - a term taken from various

kiting schemes. My research indicates that Defendants serially kite thousands of domain names through registration, deletion, and re-registration, each and every day (e.g., DomainDoorman, BelgiumDomains, CapitolDomains, ... DomainDoorman, BelgiumDomains, CapitolDomains, ...). Exhibit G also details several other examples of Defendants' kiting domain names confusingly similar to Plaintiffs' Marks. Because domain names involved in Defendants kiting scheme can be, and in fact have been, continuously cycled between Defendants' registrars (DomainDoorman, BelgiumDomains, and CapitolDomains), Defendants are able to avoid paying any registration fees for these domain names.

My research indicates that Defendants' operation requires extensive technical and logistical coordination between the registrars involved. Defendants' operation, including their use of multiple registrars and the continuous cycling of domain names between Defendants' registrars makes detection of the domain names registered to Defendants very difficult.

13.   During my investigation, I learned that each time Defendants register a domain name in its kiting scheme it lists one of Defendants' shell entities as the registrant of the domain name. For example, as detailed in Exhibit H to this Declaration, the domain name dellcdustomercare.com, was registered by Defendants and listed the following Defendant shell entities as the registrant:

   registered 22-may-2007 listing Keyword Marketing, Inc.; deleted 27-may-2007;
   registered 27-may-2007 listing Marketing Total S.A.; deleted 01-jun-2007;
   registered 01-jun-2007 listing Maison Tropicale S.A.; deleted 06-jun-2007;
   registered 06-jun-2007 listing Marketing Total S.A.; deleted 11-jun-2007; and
   registered 11-jun-2007 listing Caribbean Online International Ltd.

In another example, also detailed in Exhibit H, the domain name dellscannerdriver.com, was registered by Defendants and listed the following Defendant shell entities as the registrant:

   registered 20-may-2007 listing Maison Tropicale S.A., Inc. deleted 25-may-2007;
   registered 25-may-2007 listing Web Advertising, Corp.; deleted 30-may-2007;
   registered 30-may-2007 listing Marketing Total S.A.; deleted 04-jun-2007;
   registered 04-jun-2007 listing Keyword Marketing, Inc; deleted 09-jun-2007; and
   registered 09-jun-2007 listing Keyword Marketing, Inc.

Exhibit H also details other domain names registered by Defendants and which list many of the Defendant shell entities as the registrants.

14. During my investigation, I viewed numerous websites available at domain names registered by Defendants that contain Plaintiffs' Marks or variations thereof. The websites hosted at most of these domain names displayed links featuring goods or services identical to, directly competitive with, or related to those sold or provided by Plaintiffs. The websites at many of these domain names also displayed pop-up or pop-under advertisements. Advertisers, search engines, and affiliate programs make payments each time an advertisement is displayed or a link is clicked on that domain name. I prepared screen shots of many of the websites and pop-up and pop-under advertisements displayed. Printouts of the screen shots are attached to this Declaration as Exhibit I and Exhibit J. Because these printouts are so voluminous, Exhibit I and Exhibit J in their entirety have been filed in the form of a CD, and only representative pages of Exhibit I and Exhibit J are attached in hard copy form to this Declaration.

15. During my investigation, I learned that certain of Defendants' shell entities, fictitious businesses, or personal names have been named as defendants in civil actions for cybersquatting at least 9 times. In at least six of these cases, Defendants' shell entities, fictitious businesses, or personal names were enjoined as noted below.

- *Chanel, Inc. v. Highland International Investment Ltd.*, No. 1:00-cv-04938 (S.D. Fla. filed Dec. 26, 2000).

- *Cerveceria Modelo, S.A. DE C.V. v. Coventryinvestment Ltd., Highland International Investment Ltd., Domaincollection.com, Cambridge Capital Investment, Ltd., and John Does 1 through 10*, No. 1:01-cv-05120 (S.D. Fla. filed Dec. 21, 2001).

- *Mandalay Resort Group, et al vs. Cambridge Capital Investment, Coventry Investments, and Highland International Investment*, No. 2:02-cv-00235 (D. Nev. filed Feb. 19, 2002) (preliminary injunction granted).

- *Station Casinos, Inc. v. Wang Lee Domains, Ltd.*, No. 2:06-cv-01066 (D. Nev. filed Aug. 30, 2006) (preliminary injunction granted).

- *Station Casinos, Inc. v. Web Advertising Corp.*, No. 2:06-cv-01400 (D. Nev. filed Nov. 2, 2006) (permanent injunction granted).

- *Louis Vuitton Malletier SA v. Dotster Inc, DotRegistrar LLC, DomainDoorman LLC, CapitolDomains LLC, BelgiumDomains, Unasi Inc, DomainCar, and Does 1 through 10*, No. 2:06-cv-04571 (C.D. Cal. filed July 21, 2006) (permanent injunction granted).

- *Virgin Enterprises Limited v. Kim Sang Hyun, Virginmobil.com, Virginmobilusa.com, Web Advertising, Corp., Virginmobilus.com, Domain Manager, Virginbroadband.net, Idan Zareski, Virgin-Music-mp3.com, Treasure Vest, LLC, Virginoffers.com, Internantional Names, Ltd., Vrigin.net, Urlcollection.com, Virginholiday.com, Daniel Otomi, and Virgin-Technologies.com*, No. 1:07-cv-01205 (S.D.N.Y. filed Feb. 15, 2007).

- *Station Casinos, Inc. v. Domain Drop, S.A.*, 2:07-cv-00359 (D. Nev. filed Mar. 20, 2007) (preliminary injunction granted).

- *GNLV Corp v. Marketing Total S.A.*, 2:07-cv-00860 (D. Nev. filed June 28, 2007) (preliminary injunction granted).

Copies of the injunctions entered in six of the civil actions against Defendants, as well as the docket sheets for all nine of the civil actions, are attached as Exhibit P. Because these copies are so voluminous, Exhibit P in its entirety has been filed in the form of a CD, and only representative pages of Exhibit P are attached in hard copy form to this Declaration.

During my investigation, I also learned that Defendants' shell entities or fictitious businesses and personal names have been named in hundreds of Uniform Domain Name Dispute Resolution Policy (UDRP) proceedings by trademark owners to recover confusingly similar domain names. In each of these proceedings, BelgiumDomains, CapitolDomains, DomainDoorman, or iHoldings were notified by the dispute provider of the claim of infringement of the respective rights of the complaining party, and BelgiumDomains, CapitolDomains, DomainDoorman, or iHoldings, respectively, confirmed to the dispute provider that one of Defendants' shell entities or fictitious businesses and personal names was the registrant of the domain name. A summary of some of the UDRP proceedings naming Defendants' shell entities or fictitious businesses and personal names is attached to this Declaration as Exhibit K.

16. During my research, I accessed the whois information provided by BelgiumDomains, CapitolDomains, and DomainDoorman. BelgiumDomains, CapitolDomains, and DomainDoorman often failed to provide information, and limited the number of whois queries that could be made each day from a computer, significantly limiting trademark owners' ability to detect the domain names registered to Defendants.

17. In May 2007, I researched the historic whois ownership records for the domain name americnaexpress.com using the database available at DomainTools.com. The historic whois ownership records for the domain name americnaexpress.com listed the following registrants and dates: "J Lee" in March, 2005; "Unasi Inc." in August 2005; "Wang Lee

Domains Ltd." in August 2006; and "Caribbean Online International Ltd." in May 2007. Each whois record has the same "create date" indicating that the domain name was never deleted and newly registered by any of the listed registrants, but "transferred" between them. Copies of the DomainTools.com. historic whois ownership records are attached to this Declaration as Exhibit L.

18.  In August 2007, I received the credentials of Mr. Jeffrey E. Tuley of NetEvidence, Inc. and information about NetEvidence, Inc. Copies of this information is attached to this Declaration as Exhibit M.

19.  During my investigation, I learned that iHoldings.com, Inc. was likely sold to Dotster, Inc. of Vancouver, Washington. Historic whois ownership records for iHolding's domain name dotregistrar.com from August 2005 show the domain name was owned by DSTR Acquisition VII, LLC, and the registrant's email address was "legal@dotster.com." Currently, the domain name lists an address of 8100 NE Parkway Drive, Suite 300, Vancouver, Washington 98662, which is the address of Dotster, Inc. Copies of the whois ownership records are attached to this Declaration as Exhibit N.

20.  During my investigation, I learned that many of Defendants' domain names hosted websites using webservers operated by InterServer, Inc.

21.  During my investigation, I learned that many of websites at Defendants' domain names displayed advertisements provided by Google, Inc.

22.  In September 2007, I identified an additional 74 domain names registered by Defendants between August 25, 2007 and September 6, 2007 that are identical or confusingly similar to Plaintiffs' Marks. A list of these domain names is attached to this Declaration as Exhibit O.

23.  Essentially all of the domain name registration, renewal, and transfer process is done online, i.e., electronically. Moreover, domain name registrants generally receive notifications relating to every aspect of the domain name registration, renewal, and transfer process by e-mail. E-mail is clearly the customary and preferred method of communication for domain name matters. In addition, the process for receiving payments for advertising clicks and click-throughs on websites corresponding to domain names is handled primarily if not exclusively by electronic means.

24.  During my investigation, I reviewed the September 2007 report from the Verisign, Inc., the registry operator for the .com and .net gTLDs, available at

< http://www.icann.org/tlds/monthly-reports/com-net/verisign-200704.pdf> (*N.B.* Publication of the registry operators monthly reports by ICANN is withheld for 3 months due to contractual reasons). The report shows the number of .com and .net domain names registered and then deleted by ICANN registrars within 5 days in April 2007. The reports show that Defendants DomainDoorman, BelgiumDomains, and CapitolDomains were by far the top three registrars involved in domain name tasting. The tasting levels of the three Defendant Registrars combined were nearly 10 times the levels of any other registrar. Specifically, Defendants DomainDoorman, BelgiumDomains, and CapitolDomains registered and deleted (within the 5-day period) more than 30,000,000 domain names in April 2007. The next closest registrar had less than 4,000,000 such names. Two charts depicting the number of tasted .com and .net domain names, by the 20 highest-tasting ICANN registrars, are attached as Exhibit Q.

25.  During my investigation, I employed the services of several private investigators. One investigator conducted a physical inspection of the address listed by Defendants BelgiumDomains, CapitolDomains, DomainDoorman, and Netrian (501 NE 1st Avenue, Suite 201, Miami, Florida 33132). The investigator personally investigated the address and located a law firm. His investigation did not reveal anything indicating that any of the Defendants had a physical place of business at the address. The investigator talked with a security guard working in the building in an attempt to locate the Defendants, however, the guard did not recognize any of the Defendants' names.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of October 2007 in Newport Beach, California.

_____
David J. Steele

LLB IRV1108356.1-*-10/5/07 5:30 PM