**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-22674-CIV-JORDAN/TORRES**

DELL, INC., and ALIENWARE CORPORATION,

Plaintiffs,

v.

BELGIUMDOMAINS, LLC, CAPITOL DOMAINS, LLC, DOMAINDOORMAN, LLC, NETRIAN VENTURES, LTD., IHOLDINGS.COM, INC, JUAN PABLO VAZQUEZ a/k/a JP VAZQUEZ, an individual; and DOES 1-10,

Defendants.
_______________________________________/

**EMERGENCY MOTION TO MODIFY PRELIMINARY INJUNCTION OR INCREASE BOND BY DEFENDANTS BELGIUMDOMAINS, LLC, CAPITOLDOMAINS, LLC, DOMAINDOORMAN, LLC, NETRIAN VENTURES LTD., AND IHOLDINGS.COM, INC.**

***Expedited Briefing Requested***

Plaintiffs have abused the authority granted by this Court in such a fashion as to result in Verisign imposing more than twenty thousand dollars ($20,000) per day in fees on the Registrar Defendants that otherwise would have been avoided in the ordinary course of the Registrar Defendants' business. Rather than maintaining the status quo, the *ex parte* relief granted to Plaintiffs is imposing severe damages upon the Registrar Defendants that relate to domains far outside the Complaint. There is simply no balancing of the equities between the $25,000 bond set by the Court to secure the Registrar Defendants against improvident issuance of the *ex parte* injunction and fees being charged to the Registrar Defendants resulting from that *ex parte* injunction of over $20,000 per day.

Accordingly, pursuant to Fed.R.Civ.P. 65(c), defendants BelgiumDomains, LLC ("BelgiumDomains"), CapitolDomains, LLC ("CapitolDomains"), DomainDoorman, LLC ("DomainDoorman"), Netrian Ventures Ltd. ("Netrian"),[1] and iHoldings.com, Inc. ("iHoldings") (collectively, "Registrar Defendants"), by and through their undersigned counsel, hereby move to modify the preliminary injunction granted on November 21, 2007 [DE 53] (the "Injunction"), by strictly limiting the freeze provisions to those domains listed in the Complaint or, in the alternative, issue an order increasing the Injunction bond to $2,000,000, failing which the Injunction will be vacated.

The Registrar Defendants further request that briefing on this motion be expedited.

In support of this motion and the request to expedite briefing, the Registrar Defendants state as follows:

1. In addition to the Injunction, Plaintiffs apparently obtained at least one additional sealed court order, on which Verisign, Inc. ("Verisign") is purportedly relying to lock not just the domains Plaintiffs listed in their Complaint (as required by the Injunction), but nearly all other domains registered using the Registrar Defendants. The Complaint lists approximately one thousand one hundred domain names [*see id.* at ¶ 22]; however, Verisign is locking over one <u>million</u> domain names in total—*i.e.*, <u>one thousand times the number of domains listed in the Complaint</u>. This prevents the Registrar Defendants from deleting the domain names and subjects them to registration fees of approximately $20,000 <u>per day</u>, for domain names in which they have no interest. This is a serious and ongoing injury which the Court should alleviate by modifying the Injunction to require Verisign to release all domain names which are not specifically listed in Plaintiffs' Complaint.

[1] Netrian has moved to dismiss proceedings against it pursuant to Fed.R.Civ.P. 12(b)(5) for insufficient service of process, believes there is no personal jurisdiction over it in the State of Florida (or anywhere in the U.S.), and does not waive that contention by specially appearing and filing this motion.

2. In the alternative, this Court should increase Plaintiffs' bond amount to $2,000,000 as a condition of continued injunctive relief, to provide the Registrar Defendants with adequate protection against the massive registration fees being imposed by Verisign as a direct result of Plaintiffs' success in achieving *ex parte* relief from the Court.

**MEMORANDUM OF LAW**

## I. INTRODUCTION

On October 10, 2007, Plaintiffs moved *ex parte* for a Temporary Restraining Order to, *inter alia*, "enjoin[] Defendants from registering, using, and trafficking in infringing and counterfeit domain names" Plaintiffs claimed were similar to Plaintiffs' alleged trademarks. [DE 9 at 3.] Subsequently, this Court granted a Temporary Restraining Order. [DE 22.] The relief provided in the Temporary Restraining Order included the following:

> Defendants, their officers, agents, employees, servants, and attorneys, along with those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall be, and they hereby are, further immediately and temporarily RESTRAINED AND ENJOINED ...
>
> ...from registering, trafficking in, or using, in any manner, the Confusingly Similar Domain Names and any other domain names that are identical or confusingly similar to Plaintiffs' Marks or any other marks owned by Plaintiffs...
>
> Plaintiffs shall serve this Order on VeriSign, Inc., along with a list of the domain names contained in Plaintiff's Complaint which Plaintiffs alleged infringe Plaintiffs' Marks and which are currently owned by Defendants. VeriSign, Inc. shall thereafter "lock" the Infringing Domain Names to prevent their transfer or deletion by Defendants, and shall deposit with the Court documents sufficient to establish the Court's control and authority regarding the disposition of the registration and use of the domain names pending the outcome of this case...

[DE 22 at 23-24.] On November 21, 2007, this Court extended the Temporary Restraining Order into a Preliminary Injunction. [DE 53.]

Although the Temporary Restraining Order entered by the Court [DE 22] only directed Verisign, Inc. to freeze "the domain names contained in Plaintiff's Complaint," *see id*. at 24 (¶ 2) (emphasis added), Verisign has also frozen nearly all other domains registered using the

Registrar Defendants – over one million domain names in total.[2] When asked to release those domains, Verisign referred to the existence of other, unspecified court orders directing it to freeze those additional domains and refused to release any domain it had frozen.

Verisign's actions are causing serious, ongoing injury to the Registrar Defendants. The Injunction prevents them from deleting domain names which were registered using their services as registrars. However, unless deleted, Verisign automatically renews those domain names, which subjects the Registrar Defendants to renewal fees. After a domain name is renewed, the registrar has a forty-five (45) day grace period in which it may delete that domain name and then receive a refund of the associated renewal fee. However, if the Registrar Defendants cannot delete domain names – which the Injunction prevents them from doing – then they cannot obtain a refund of the renewal fees associated with those domain names.

This is precisely what is currently happening to the Registrar Defendants on a daily basis, with respect to tens of thousands of domain names. Verisign is locking countless domain names which are not listed in Plaintiffs' Complaint, thereby preventing the Registrar Defendants from deleting those domain names and recouping the massive, ongoing costs of unwanted renewals. For example, during this last weekend alone (December 15 -17, 2007), the grace period expired for numerous domain names, which expiration cost the Registrar Defendants approximately sixty thousand dollars ($60,000.00) in renewal fees.

Verisign has informed three of the Registrar Defendants – BelgiumDomains, CapitolDomains, and DomainDoorman (collectively, the "Registrars") that Verisign is continuing to assess renewal fees against the Registrars for each domain name Verisign has locked, ostensibly pursuant to sealed court orders granted at Plaintiffs' request. Plaintiffs' counsel has confirmed the existence of at least one remaining sealed court order which

[2] The facts stated herein are verified by Joel R. Dichter, Esq., as set forth on page 9 below.

purportedly requires Verisign to lock domain names which are not listed in Plaintiffs' Complaint. Each day the domains remain locked potentially subjects the Registrars to approximately twenty thousand dollars ($20,000.00) in renewal fees.

When they obtained their injunctive relief, Plaintiffs posted a bond in the amount of twenty-five thousand dollars ($25,000.00), which is sufficient to pay only approximately one days' worth of the fees Verisign is charging to the Registrars. [DE 22 at 25.] Unless the Court grants the Registrar Defendants their requested relief, the Registrar Defendants will be required to pay massive renewal fees for myriad domain names with which Plaintiffs have no expressed concern, in which the Registrar Defendants have no interest, and, yet, which the Injunction entered at Plaintiffs' *ex parte* request prevents Registrar Defendants from deleting. In sum, Plaintiffs' and Verisign's actions are causing the Registrar Defendants to hemorrhage money, which threatens to put the them out of business unless this Court grants the requested relief.

The Registrar Defendants' counsel conferred with Plaintiffs' counsel via e-mail messages, letters, and telephone conference several times between December 13, 2007 and December 16, 2007 regarding the instant motion to modify or vacate the Injunction or, in the alternative, increase the current bond amount to seven figures. Plaintiffs' counsel declined to stipulate to the requested relief, necessitating the instant motion.

## II. ARGUMENT

### A. The Injunction Is Causing Irreparable Injury ; Therefore, the Injunction Must Be Strictly Limited to the Domain Names Listed in the Complaint

District courts retain broad powers to modify injunctions in the event they are creating irreparable injury for the enjoined parties. In *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567 (5th Cir. 1974), the former Fifth Circuit held:

> It is often loosely stated that the purpose of a preliminary injunction is to preserve the status quo... It must not be thought, however, that there is any particular magic in the phrase "status quo." The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. It often happens that this purpose is furthered by preservation of the status quo, but not always. **If the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties**... by the issuance of a mandatory injunction... **or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury**. The focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo.

*Id*. at 576 (emphasis added). *See also Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647, 5 L. Ed. 2d 349, 81 S. Ct. 368 (1961); *Hodge v. Dept. of Housing & Urban Dev., Housing Div.*, 862 F.2d 859, 861-62 (11th Cir. 1989) (a motion to modify or vacate a preliminary injunction should be granted when a change in the circumstances underlying the injunction justifies modifying or lifting the injunction); *Productos Carnic, S.A. v. Central Am. Beef & Seafood Trading Co.*, 621 F.2d 683, 687 (5th Cir. 1980) (modifying injunction in part because "the public interest favors economic efficiency and the avoidance of useless expense").

When this Court granted the Temporary Restraining Order and, subsequently, the Injunction, it did so *ex parte*, without any information from the Registrar Defendants concerning the Injunction's impact on them. Now, in alleged reliance on one or more sealed orders, Plaintiffs and Verisign are using the Injunction and the fact that portions of the file remain sealed to expand the reach of the Injunction to well beyond the scope of any alleged infringement of Plaintiffs' alleged trademarks. As a result, the Registrars are being charged tens of thousands of dollars per day in registration fees for domain names they do not wish to control and are prevented from deleting. This is manifestly unjust. Accordingly, the Registrar Defendants respectfully request that the Court immediately or modify the Injunction to restrict Verisign's locking of domain names to the names specifically listed in Plaintiffs' Complaint.

**B. In the Alternative, the Court Should Increase the Bond Substantially, to an Amount Sufficient to Protect the Registrar Defendants**

Fed.R.Civ.P. 65(c) requires that

> [n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Accordingly, in the event the Court chooses not to modify the Injunction, it should at least increase the amount of the Injunction bond from twenty-five thousand dollars ($25,000.00) to two million dollars ($2,000,000.00). Verisign is charging the Registrars approximately twenty thousand dollars per day in registration fees. Accordingly, a bond of two million dollars is more than reasonable and it would provide security for one hundred days of registration fees for the domain names Verisign is currently locking, ostensibly pursuant to court order.[3]

## III. CONCLUSION

The Injunction bond is not protecting the status quo, Plaintiffs and/or Verisign are using the sealed orders to freeze domain names well outside the Complaint, and the Injunction risks driving the Registrars out of business. Consequently, the Injunction must be modified or the bond must be substantially increased. Therefore, the Registrar Defendants respectfully request that the Court modify the Injunction to require Verisign to release all domain names which are not specifically listed in Plaintiffs' Complaint or, in the alternative, require Plaintiffs to post a bond of at least two million dollars, to protect the Registrar Defendants from the harm resulting from the *ex parte* Injunction.

WHEREFORE, defendants BelgiumDomains, LLC, CapitolDomains, LLC, DomainDoorman, LLC, Netrian Ventures Ltd., and iHoldings.com, Inc., respectfully request that the Court (i) to modify the injunction granted on November 21, 2007, by strictly limiting the

[3] The Registrar Defendants reserve the right to seek a further increase in the bond, if necessary.

freeze provisions to those domains listed in the Complaint, (ii) in the alternative, increase the Injunction bond to $2,000,000, failing which, the Injunction will be vacated, and (iii) provide the Registrar Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: December 18, 2007

**AKERMAN SENTERFITT**
One S.E. Third Avenue — 25th Floor
Miami, FL 33131-1714
Telephone No. 305-374-5600
Facsimile No. 305-374-5095

By: s/Christopher S. Carver
LAWRENCE P. ROCHEFORT
Florida Bar No. 769053
lawrence.rochefort@akerman.com
CHRISTOPHER S. CARVER
Florida Bar No.: 993580
christopher.carver@akerman.com

Joel R. Dichter, Esq.
Derek Newman, Esq.
Newman Dichter
505 Fifth Avenue South, Suite 610
Seattle, WA 98104
Tel.: 206-274-2827
Fax: 206-274-2801
E-mail: jdichter@newmandichter.com
E-mail: derek@newmandichter.com
(*Moving for Admission Pro Hac Vice)*

*Attorneys for BelgiumDomains, LLC, CapitolDomains, LLC, DomainDoorman, LLC, Netrian Ventures Ltd., and iHoldings.com, Inc.*

## VERIFICATION

I, Joel R. Dichter, Esq., counsel to the Registrar Defendants, verify that the facts stated in herein are true to the best of my knowledge and/or information and belief, based on my personal knowledge, including review of documents and communications with representatives of Plaintiffs and Verisign, Inc., and otherwise upon information and belief based on similar conversations and documents. I am authorized to make this representation on behalf of the Registrar Defendants, who do not have a corporate officer within this District.

s/ Joel R. Dichter

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1(A)(3), counsel for the Registrar Defendants hereby certifies that, prior to filing this motion, the Registrar Defendants' counsel conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this motion. However, Plaintiffs' counsel indicated that Plaintiffs would not agree to the relief sought in this motion.

s/Christopher S. Carver

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2007, I electronically filed *Emergency Motion to Modify Preliminary Injunction or Increase Bond by Defendants BelgiumDomains, LLC, CapitolDomains, LLC, DomainDoorman, LLC, Netrian Ventures Ltd., and iHoldings.com, Inc.* with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Christopher S. Carver
Christopher S. Carver

**SERVICE LIST**
**Dell, Inc. v. BelgiumDomains, LLC**

U.S. District Court, Southern District of Florida Case No. 07-22674-CIV-JORDAN/TORRES:

**Counsel for Plaintiffs, Dell, Inc. and Alienware Corporation**, service by CM/ECF)

Mimi L. Sall, Esq.
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
200 East Las Olas Blvd.
Suite 2100
Ft. Lauderdale, FL 33301
Tel: 954-462-9575
Fax: 954-462-9567
E-mail: msall@swmwas.com

David J. Steele, Esq.
CHRISTIE, PARKER & HALE, LLP
3501 Jamboree Road
Suite 6000 – North Tower
Newport Beach, CA 92660
Tel: 949-476-0757
Fax: 949-476-8640
E-mail: david.steele@cph.com

Howard A. Kroll, Esq.
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Blvd.
Suite 500
Pasadena, CA 91105
Tel: 626-795-9900
Fax: 626-577-8800
E-mail: howard.kroll@cph.com

**Counsel for Defendants BelgiumDomains, LLC, Capitol Domains, LLC, and DomainDoorman, LLC**
(service by CM/ECF)

Lawrence P. Rochefort, Esq.
Christopher S. Carver, Esq.
AKERMAN SENTERFITT
SunTrust International Center
Suite 2500
One S.E. Third Avenue
Miami, Florida 33131
Tel.: 305-374-5600
Fax: 305-374-5095
E-mail: lawrence.rochefort@akerman.com
E-mail: christopher.carver@akerman.com

Joel R. Dichter, Esq.
Derek Newman, Esq.
Newman Dichter
505 Fifth Avenue South, Suite 610
Seattle, WA 98104
Tel.: 206-274-2827
Fax: 206-274-2801
E-mail: jdichter@newmandichter.com
E-mail: derek@newmandichter.com
(*Moving for Admission Pro Hac Vice)*

**Counsel for Defendant Juan Pablo Vazquez**
(service by CM/ECF)
Richard Baron, Esq.
Richard Baron & Associates
501 NE 1st Avenue
Suite 201
Miami, FL 33132
Tel. 305-577-4626
Fax: 305-577-4630
Email: rbaron@bellsouth.net